UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,  Case No. 3:22-cr-511

          Plaintiff,

    v.  MEMORANDUM OPINION
                                                                      AND ORDER

Darnell Triplett,

          Defendant.

## I. INTRODUCTION

Defendant Darnell Triplett has been charged with one count of conspiracy to possess with the intent to distribute controlled substances, in violation of 21 U.S.C. § 846; one count of illegally possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and two counts of use of a communications facility to facilitate a drug felony, in violation of 21 U.S.C. § 843(b). (Doc. No. 1). Triplett currently is representing himself, with appointed stand-by counsel. (*See* non-document entry dated March 22, 2023).

Triplett moves to dismiss the charges against him with prejudice due to alleged violations of his Fifth and Sixth Amendment rights, as well as of the Speedy Trial Act. (Doc. No. 123). The government filed a brief in opposition to the motion, (Doc. No. 130), and Triplett has filed a brief in reply. (Doc. No. 139). For the reasons stated below, I deny Triplett's motion.

## II. BACKGROUND

On May 5, 2021, Triplett was charged by indictment with one count of illegally possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2)

(the "2021 Case"). (Case No. 3:21-cr-342, Doc. No. 7). Triplett's appointed attorney subsequently sought and obtained leave to file a motion to suppress. (*Id.*, non-document orders dated July 30, 2021, and August 23, 2021). One week before the deadline for filing that motion, the government moved to dismiss the indictment pursuant to Federal Rule of Criminal Procedure 48(a). (*Id.*, Doc. Nos. 10 and 10-1). I granted the motion and dismissed the indictment without prejudice. (*Id.*, Doc. No. 11).

Meanwhile, on May 13, 2021, Triplett also faced trial in the Delaware County, Ohio Court of Common Pleas on drug trafficking charges. *See State v. Triplett*, 2022-Ohio-1371, 2022 WL 1211124 (Ohio Ct. App. April 22, 2022). A jury convicted Triplett of one count of possession of cocaine, in violation of Ohio Revised Code § 2925.11(A), and one count of trafficking in cocaine, in violation of Ohio Revised Code § 2925.03(A)(2), and he was sentenced to a mandatory term of 11 to 16.5 years in prison. *Id.* at *3. While there was a warrant issued to transfer Triplett to the custody of the Ohio Department of Rehabilitation and Correction following the conclusion of Case No. 3:21-cr-342, (*see* Doc. No. 130-4), he was mistakenly released from custody after the dismissal of that case.

At some point, Triplett left town. Delaware County learned Triplett was not in state or federal custody approximately a year later and issued a warrant for his arrest on August 17, 2022. (Doc. No. 130-5). A few weeks later, on September 7, 2022, Triplett and nine co-defendants were charged by indictment in this case. Triplett then was located and arrested in Alabama. (*See* non-document entry dated September 15, 2022); (Doc. No. 79). He remained in custody in Alabama until he was able to be transported to Ohio, where he was arraigned on January 4, 2023. (Doc. No. 79-1); (*see* non-document entry dated January 4, 2023).

Counsel was appointed to represent Triplett but, approximately a month after his arraignment, Triplett sought permission to represent himself. (Doc. No. 116). I granted the motion and Triplett filed his motion to dismiss on April 1, 2023.

### III.  ANALYSIS

As I noted about, Triplett argues this case should be dismissed due to alleged violations of his Fifth and Sixth Amendment rights and of the Speedy Trial Act.  He asserts the government engaged in misconduct by dismissing the 2021 Case and that there has been "constructive amendment and fatal variance to the indictment allegations" in this case.  (Doc. No. 123 at 3).  Triplett's arguments are not persuasive.

#### A.  DISMISSAL OF 2021 CASE

Triplett contends the government engaged in prosecutorial misconduct by using Rule 48(a) to dismiss the 2021 Case shortly before the deadline for his suppression motion and then subsequently charging him again in this case.  Further, he claims he is entitled to the dismissal with prejudice of this case because the government did not "state its reasons for dismissal contemporan[e]ously with [its] Rule 48(a) motion[]."  (*Id.*).

Rule 48 permits the government to dismiss an indictment with leave of court.  Fed. R. Crim. P. 48(a).  The Sixth Circuit has held "the government is normally free to dismiss one indictment under Rule 48(a) and bring another indictment based on further development of the case."  *United States v. Stapleton*, 297 F. App'x 413, 430 (6th Cir. 2008) (citations omitted).  Further, [t]here is a presumption that the Government's [Rule 48(a)] motion is in good faith, and it is the Defendant's responsibility to overcome that presumption 'by an affirmative reason to believe that the dismissal motion was motivated by considerations contrary to the public interest.'"  *United States v. Shaw*, No. 5:04CR-14-R, 2008 WL 65390, at *1 (W.D. Ky. Jan. 4, 2008) (quoting *United States v. Welborn,* 849 F.2d 980, 983 (5th Cir. 1988)).

Triplett has not offered any such affirmative reason.  He implies there was gamesmanship involved in the dismissal and that he "was prejudiced by not being able to suppress some of the evidence in this case," (Doc. No. 123 at 5), but there is nothing prohibiting him from litigating those

3

suppression issues now that he has been re-indicted on the gun possession charge. Moreover, the fact Triplett also was charged with other offenses is not evidence of prejudice. (*Cf. id.*).

Next, Triplett asserts he was prejudiced because this case proceeded against his co-defendants while he was without counsel, claiming this "impaired defendant['s] and counsel['s] ability to receive discovery in a timely manner which could have allowed the defendant to be able to defend himself from the commencement of this subsequent indictment." (*Id.*). To the extent Triplett claims he could have avoided indictment if he knew about these charges earlier, his argument lacks merit. A defendant is not entitled to "judicial review of a grand jury's determination of probable cause to think [the] defendant committed a crime," *Kaley v. United States*, 571 U.S. 320, 333 (2014), and the government has no duty "to present exculpatory evidence to a grand jury." *Carver v. Mack*, 112 F. App'x 432, 437 (6th Cir. 2004) (citing *United States v. Williams*, 504 U.S. 36, 47 (1992)).

Relatedly, in his reply brief, Triplett requests that I "authorize disclosure of grand jury minutes and documents pertaining to his involvement in the conspiracy charged in [the] current indictment," apparently so he can pursue an argument that the government engaged in prosecutorial misconduct during the grand jury proceedings. (Doc. No. 139 at 4, 6). But grand jury proceedings are generally protected as secret, unless the defendant makes a sufficient showing that "without the transcript a defense would be greatly prejudiced or that without reference to it an injustice would be done." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958). Triplett has made no such showing and, therefore, I deny his request for grand jury transcripts. (Doc. No. 139).

Finally, Triplett asserts "it would be unequivocally inconsistent with fundamental principles of liberty and justice to require a legal sentence to be served in the aftermath" of a defendant's premature release from custody, and after he has "made good adjustment to society." (Doc. No. 139 at 4-5). While Triplett may be correct that he was released from custody "through no fault of

4

his own," (*id.* at 5), he cannot reasonably expect to avoid serving the state-court sentence handed down by the Delaware County Court of Common Pleas prior to his release from federal custody – much less avoid ever being charged with a criminal offense again.

Triplett offers no evidence that the dismissal of the 2021 Case was "clearly contrary to manifest public interest." *Rinaldi v. United States,* 434 U.S. 22, 30 (1977). Therefore, I conclude he fails to show the Rule 48(a) dismissal of the charges in that case should be treated as a dismissal with prejudice and I deny his motion to dismiss on that basis.

### B. SPEEDY TRIAL

Triplett next claims his rights under the Speedy Trial Act and the Sixth Amendment's speedy trial clause have been violated.

First, Triplett contends the government did not seek an exclusion of time for the period between his arrest on September 15, 2022, and his arraignment on January 4, 2023. (Doc. No. 123 at 4). He contends 111 nonexcludable days passed during this period, surpassing the Speedy Trial Act's 70-day limit. (*Id.* at 4-5). But delays "resulting from any proceeding relating to . . . the removal of any defendant from another district under the Federal Rules of Criminal Procedure" are automatically excluded from the Speedy Trial clock. 18 U.S.C. § 3161(h)(1)(E). And excludable delays for one co-defendant apply to all other co-defendants. 18 U.S.C. § 3161(h)(7); *United States v. Sobh*, 571 F.3d 600, 602-03 (6th Cir. 2009). Triplett fails to establish there has been a violation of the Speedy Trial Act.

Nor has Triplett established there has been a violation of his Sixth Amendment right to a speedy trial. The Supreme Court has identified four relevant factors to be balanced: "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530 (1972). "The length of the delay is a threshold requirement. If the length of the delay is not 'uncommonly long,' then judicial examination ends."

*Maples v. Stegall*, 427 F.3d 1020, 1025-26 (6th Cir. 2005) (quoting *Doggett v. United States,* 505 U.S. 647, 652 (1992)).

Approximately six and a half months passed between Triplett's arrest in Alabama and the filing of his motion to dismiss.[1]  The Sixth Circuit has expressly held that a "six-and-one-half month delay does not rise to the level of [a] constitutional violation."  *United States v. White*, 985 F.2d 271, 275 (6th Cir. 1993).  Therefore, I conclude Triplett fails to show his Sixth Amendment speedy trial right has been violated.

### C.    Variance from Indictment

Finally, Triplett argues this case should be dismissed because it involves "a fatal [variance] or a constructive amendment to the indictment at hand."  (Doc. No. 123 at 5).  Triplett contends this alleged defect arises from "evidence concerning another conspiracy [which] gives the defendant no chance at all to defend himself against the conspiracy charged in the indictment."  (*Id.*).

Triplett's claim of "another conspiracy" appears to stem from the specific naming of several individuals (Phillip Cabbage and Derrick Murphy) in the indictment but who were not charged in this case.  (Doc. No. 1 at 2).  (*See also* Doc. No. 139 at 5).  But the indictment makes clear that Cabbage and Murphy were involved in the alleged conspiracy with which Triplett is charged.  (*See, e.g.,* Doc. No. 1 at 2 ("Murphy distributed the controlled substances he obtained [from Cabbage] to various other distributors, including but not limited to . . . TRIPLETT.")).

Moreover, as the government argues, it is too early in the case to invoke theories about a variance or constructive amendment of the indictment.  Those categories of modifications require that the defendant prove the evidence offered at trial is "materially different from" or "effectively alter[s]" the allegations in the indictment.  *United States v. Hynes*, 467 F.3d 951, 961-62 (6th Cir. 2006).

---

[1] While more than six and a half months have passed as of the date of this Memorandum Opinion and Order, the delay since April 1, 2023, is attributable to the filing of Triplett's motion to dismiss, and "he cannot now protest this period."  *United States v. White*, 985 F.2d 271, 275 (6th Cir. 1993).

6

This case is plainly in a pretrial posture and therefore, Triplett cannot meet his burden under either theory. I deny his motion to dismiss on this basis.

## IV. CONCLUSION

For the reasons set forth above, I deny Triplett's motion to dismiss, (Doc. No. 123), and his request for grand jury transcripts. (Doc. No. 139).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge