UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                Case No. 3:22-cr-511

             Plaintiff,

v.                                           MEMORANDUM OPINION
                                                   AND ORDER

Tianna Barber, *et al.*,
             Defendants.

## I.     INTRODUCTION

Before me is Defendant Darnell Triplett's motion to dismiss Count 33 of the Indictment. (Doc. No. 286). For the reasons that follow, I deny Triplett's motion.

## II.     BACKGROUND

On September 7, 2022, Defendant Darnell Triplett and nine other defendants were charged with an array of drug trafficking and firearms offenses in a 43-Count Indictment. (*See* Doc. No. 1). Triplett was charged with Conspiracy to Possess with Intent to Distribute Controlled Substances under 21 U.S.C. § 846 (Count 1), Use of a Communications Facility to Facilitate a Drug Felony under 21 U.S.C. § 843(b) (Counts 37 & 38), and, as relevant here, Felon in Possession of a Firearm under 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 33). (*Id.* at 1-3, 7, 8). The indictment alleges Triplett was previously convicted of Felonious Assault, Case Number CR2008-3225, in the Lucas County, Ohio Court of Common Pleas, and that on April 21, 2021, he knowingly possessed a Beretta Model 9000 S .40 caliber handgun. (*Id.* at 7).

Although Triplett was originally represented by appointed counsel when this case began, he later elected to proceed *pro se* and indicated he wished to file several pretrial motions. (*See* non-document entry dated March 22, 2023). Triplett originally had until March 31, 2023, to file his *pro se* pretrial motions in this case, but I extended that deadline three times at Triplett's request: first to May 10, 2023, then to June 16, 2023, and finally to August 14, 2023. (*See* non-document entries dated March 22, 2023 and July 14, 2023; Doc. Nos. 126 & 133). Triplett filed a motion to dismiss Counts 1, 33, 37, and 38 of the indictment, (Doc. No. 123), and three motions to suppress evidence. (Doc. Nos. 149, 150, & 151).

On October 3, 2023, Triplett again was appointed counsel. (*See* non-document entry dated October 3, 2023). Several months later, over the government's objection, I granted Triplett permission to file supplements to his motions to suppress by January 24, 2024. (*See* non-document entry dated January 22, 2024). I denied Triplett's motion to dismiss and his motions to suppress. (*See* Doc. Nos. 143 & 244).

Over a year after the deadline for filing pretrial motions in this case, Triplett again seeks to dismiss his felon-in-possession charge—this time, for a different reason. He argues the Second Amendment prevents his prosecution for this firearms possession offense. (*See* Doc. No. 286). To justify the tardiness of his motion, he points to *United States v. Williams*, a recent Sixth Circuit opinion providing important guidance for how district courts should evaluate Second Amendment challenges to 18 U.S.C. § 922(g)(1). *See generally*, 113 F.4th 637 (6th Cir. 2024) (decided August 23, 2024). Triplett does not explain why he could not have raised a Second Amendment challenge before *Williams* was decided. (*See* Doc. No. 286). Nevertheless, I will consider his motion.

### III. ANALYSIS

Triplett argues: "due to the recently decided Sixth Circuit case of *US v. Williams* . . . he now has a right to demonstrate to the Court, despite his prior conviction of a felony, that he is not

2

dangerous, and thus not a prohibited person under 18 U.S.C. 922(g)(1)." (Doc. No. 286 at 1). He requests "a hearing so he may attempt to do so, or at least build a record to protect his rights on appeal." (*Id.* at 2).

In *Williams*, the Sixth Circuit addressed the constitutionality of 18 U.S.C. § 922(g)(1) under the Second Amendment, applying the Supreme Court's recent opinions in *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022), and *United States v. Rahimi*, 144 S. Ct. 1889 (2024). *See* 113 F.4th at 643. The court first concluded § 922(g)(1) is facially constitutional under the Second Amendment because "our nation's history and tradition demonstrate that Congress may disarm individuals they believe are dangerous." *Id.* at 657. Then, the court addressed the defendant's as-applied Second Amendment challenge, holding that a defendant who brings an as-applied challenge can succeed only where he carries his "burden to demonstrate that he is not dangerous." *Id.* at 657.

Triplett pled guilty to one count of felonious assault with a firearms specification under Ohio Revised Code §§ 2903.11(A)(2) and 2941.141. *See State v. Triplett*, non-document entry dated December 16, 2008, Case No. G-4801-CR-0200803225 (Lucas Cnty. C.P.). Section 2903.11(A)(2) makes it a felony to knowingly "[c]ause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance." Ohio Rev. C. § 2903.11(A)(2). Section 2941.141 provides for the imposition of certain sentences of incarceration where "the offender had a firearm on or about the offender's person or under the offender's control while committing the offense." Ohio Rev. C. § 2941.141(A), (D).

In short, Triplett pled guilty to causing or attempting to cause harm to another person while having a firearm "on or about [his] person or under [his] control." *See* Ohio Rev. C. §§ 2903.11(A)(2) and 2941.141. *Williams* explained that "crimes against the person," including "assault," "speak directly to whether a person is dangerous" because they involve the direct use or threat of violence against another individual. *Williams*, 113 F.4th at 658. Such offenses "are at least strong evidence

that an individual is dangerous, if not totally dispositive on the question," and a defendant who previously committed a "crime against the person" carries an "extremely heavy" burden to disprove his dangerousness. *Id.*

Triplett offers no reason why his prior conviction for felonious assault does not render him sufficiently "dangerous" under *Williams*. (*See* Doc. No. 286). In fact, he does not address his prior conviction at all. The sum of his motion is a request for a hearing so he "may *attempt* to . . . show he is not dangerous." (Doc. No. 286 at 2) (emphasis added). But Triplett does not explain why he is entitled to a hearing, and nothing in *Williams* suggests he must be given one. *See* 113 F.4th at 662 (noting that "a court can accept prior convictions without an evidentiary hearing or jury fact finding" and citing *Almendarez-Torres v. United States*, 523 U.S. 224, 228–39 (1998)).

Instead, *Williams* provides Triplett with "an opportunity to make an individualized showing that he himself is not actually dangerous." 113 F.4th at 663. Triplett has invoked this "opportunity," but because he offers no evidence or argument with respect to his specific underlying conviction, he fails to explain how a hearing might assist him in meeting his burden to show that "he himself is not actually dangerous." *Id.* I conclude Triplett has failed to carry his burden to disprove his dangerousness under *Williams*, so I deny his motion.

### IV.    CONCLUSION

For the reasons stated above, I deny Triplett's motion to dismiss Count 33 of the Indictment. (Doc. No. 286).

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge

4