UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                    Case No. 3:22-cr-511

              Plaintiff,

       v.                                                  MEMORANDUM OPINION
                                       AND ORDER

Darnell Triplett,

              Defendant.

## I.  INTRODUCTION

Defendant Darnell Triplett filed a motion challenging his conviction in this case following a jury trial, arguing his conviction is invalid due to "[d]ouble jeopardy, variance/constructive amendment to the Indictment, and Due Process violations."  (Doc. No. 359).  Triplett prepared the motion on his own, and I instructed trial counsel to facilitate its filing on the docket.  I construed Triplett's motion as one seeking a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 and instructed the government to file a response.  It has done so.  (Doc. No. 360). For the reasons stated below, I deny Triplett's motion.

## II.  BACKGROUND

I previously summarized some of the procedural background of this case:

On May 5, 2021, Triplett was charged by indictment with one count of illegally possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (the "2021 Case").  (Case No. 3:21-cr-342, Doc. No. 7). Triplett's appointed attorney subsequently sought and obtained leave to file a motion to suppress.  (*Id.*, non-document orders dated July 30, 2021, and August 23, 2021). One week before the deadline for filing that motion, the government moved to

dismiss the indictment pursuant to Federal Rule of Criminal Procedure 48(a). (*Id.*, Doc. Nos. 10 and 10-1). I granted the motion and dismissed the indictment without prejudice. (*Id.*, Doc. No. 11).

Meanwhile, on May 13, 2021, Triplett also faced trial in the Delaware County, Ohio Court of Common Pleas on drug trafficking charges. *See State v. Triplett*, 2022-Ohio-1371, 2022 WL 1211124 (Ohio Ct. App. April 22, 2022). A jury convicted Triplett of one count of possession of cocaine, in violation of Ohio Revised Code § 2925.11(A), and one count of trafficking in cocaine, in violation of Ohio Revised Code § 2925.03(A)(2), and he was sentenced to a mandatory term of 11 to 16.5 years in prison. *Id.* at *3. While there was a warrant issued to transfer Triplett to the custody of the Ohio Department of Rehabilitation and Correction following the conclusion of Case No. 3:21-cr-342, (*see* Doc. No. 130-4), he was mistakenly released from custody after the dismissal of that case.

At some point, Triplett left town. Delaware County learned Triplett was not in state or federal custody approximately a year later and issued a warrant for his arrest on August 17, 2022. (Doc. No. 130-5). A few weeks later, on September 7, 2022, Triplett and nine co-defendants were charged by indictment in this case. Triplett then was located and arrested in Alabama. (*See* non-document entry dated September 15, 2022); (Doc. No. 79). He remained in custody in Alabama until he was able to be transported to Ohio, where he was arraigned on January 4, 2023. (Doc. No. 79-1); (*see* non-document entry dated January 4, 2023).

(Doc. No. 143 at 1-2).

Triplett was charged with one count of conspiracy to possess with the intent to distribute controlled substances, in violation of 21 U.S.C. § 846; one count of illegally possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and two counts of use of a communications facility to facilitate a drug felony, in violation of 21 U.S.C. § 843(b). (Doc. No. 1). Triplett moved to dismiss the indictment in this case, arguing it violated his Fifth and Sixth Amendment rights, and that his Speedy Trial Act rights were violated. (Doc. No. 123). I denied the motion. (Doc. No. 143). Triplett subsequently was convicted by a jury on all four counts. (Doc. No. 311).

## III.  ANALYSIS

As I noted above, Triplett seeks to challenge his conviction on several grounds. (Doc. No. 359). The government opposes the motion, arguing it is untimely and lacks merit. (Doc. No. 360).

## A.    TIMELINESS

Rule 29 permits a defendant to "move for a judgment of acquittal . . . within 14 days after a guilty verdict or after the court discharges the jury, whichever is later."  Fed. R. Crim. P. 29(c). Triplett was convicted on November 22, 2024, and his motion was filed on May 12, 2025. Therefore, the government objects to the motion as untimely.  (Doc. No. 360 at 3-4).

Rule 45 permits a court to extend a deadline by which a Rule 29 motion must be made "after the time expires if the party failed to act because of excusable neglect."  Fed. R. Crim. P. 45(b)(1)(B). The Sixth Circuit has identified the following five factors as relevant to the excusable neglect inquiry:

> (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith.

*United States v. Elenniss*, 729 F. App'x 422, 425 (6th Cir. 2018) (citations and quotation marks omitted).  *See also id.* at 424, n.1 (applying to Rule 29 motions the Supreme Court's definition of excusable neglect as laid out in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993)).  The "reason for the delay" is given the most weight in this analysis.  *Elenniss*, 729 F. App'x at 425 (citing *United States v. Munoz*, 605 F.3d 359, 372-73 (6th Cir. 2010)).

As the government notes, neither Triplett's motion nor trial counsel's motion for leave to file Triplett's motion indicate a reason for the nearly six-month delay in filing the motion following trial.  But other conversations between myself and counsel for the parties have indicated that a good portion of the delay is attributable to the highly unusual circumstance of a criminal defendant drafting and submitting his own motion while still represented by counsel.  I have previously acknowledged the ethical conundrum faced by defense counsel, in light of counsel's obligation to raise only those issues which counsel believes may be argued in good faith.  Having acknowledged those circumstances, I granted defense counsel leave to file Triplett's motion on the docket, as drafted by Triplett.  (*See* non-document order dated May 9, 2025).

I am persuaded the government faces little prejudice from the delay and that the delay will not have a significant impact on these proceedings, because Triplett's motion is based upon his interpretation of familiar legal principles or otherwise relies upon facts memorialized in the trial record. While the reason for the delay largely rests with the Defendant, I conclude the interests of justice and judicial economy favor addressing Triplett's claims on the merits. Therefore, I will extend the Rule 29 filing deadline and deem Triplett's motion as timely filed.

**B.    DOUBLE JEOPARDY**

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. That clause "protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *United States v. Wilson*, 420 U.S. 332, 343 (1975) (citation and quotation marks omitted).

Triplett appears to argue his Double Jeopardy rights were violated when the government pursued two separate indictments in connection with the Phillip Cabbage / Derrick Murphy led drug trafficking conspiracy because the indictments in both cases allege the Defendants "conspired with others known and unknown." (Doc. No. 359 at 4). Triplett asserts "[b]oth indictments therefore may have involved the same participants." (*Id.*).

But there is no dispute that Triplett was not a named defendant in Case Number 3:21-cr-335 – the case in which Cabbage, Murphy, and three other individuals were charged with conspiracy to possess with the intent to distribute illegal narcotics. And clearly established law requires Triplett to prove this case "was 'a successive criminal prosecution that placed [*him*] in jeopardy a *second* time.'" *United States v. Traficant*, 368 F.3d 646, 652 (6th Cir. 2004) (quoting *Dep't of Revenue of Mont. v. Kurth Ranch*, 511 U.S. 767, 784 (1994)) (first emphasis added) (second emphasis and alteration by *Traficant*).

4

Because jeopardy does not attach until "the jury is empaneled and sworn," *Crist v. Bretz*, 437 U.S. 28, 29 (1978), Triplett was never in jeopardy in Case Number 3:21-cr-335, a case in which he was never a defendant.  Therefore, I deny Triplett's Rule 29 motion as to his Double Jeopardy Clause argument.

## C.   CONSTRUCTIVE AMENDMENT OF THE INDICTMENT

Triplett next argues the government impermissibly constructively amended the indictment. (Doc. No. 359 at 5-6).  "A constructive amendment 'results when the terms of an indictment are in effect altered by the presentation of evidence and jury instructions which so modify essential elements of the offense charged such that there is a substantial likelihood that the defendant may have been convicted of an offense other than the one charged in the indictment.'" *United States v. Mize*, 814 F.3d 401, 409 (6th Cir. 2016) (quoting *United States v. Martinez*, 430 F.3d 317, 338 (6th Cir. 2005)).  The Sixth Circuit has held "a constructive amendment requires a showing 'that the important functions of an indictment were undermined by both the evidence presented *and* the jury instructions.'"  *Mize*, 814 F.3d at 409 (quoting *United States v. Hynes*, 467 F.3d 951, 962 (6th Cir. 2006)) (emphasis in original).

Triplett cannot make this required showing.  He argues the jury instructions "modified essential elements of the offense charged by ignoring the did knowingly and intentionally combine, conspire, confederate and agree together and with each other part of the indictment and focus[ed] only on the conspiring with others known and unknown parts of the indictment."  (Doc. No. 359 at 5).

But Triplett fails to identify any portion of the jury instructions that modified the essential elements of the offense.  I emphasized for the jury that "the defendants [were] on trial for only the particular crimes charged in the indictment," and that their job was "limited to deciding whether the government has proved the defendants are guilty of those particular crimes."  (Doc. No. 313 at 13).

Moreover, the jury instructions included conspiracy-charge instructions substantially similar to the pattern instructions approved by the Sixth Circuit. (*Id.* at 15-19). And as the government points out, (Doc. No. 360 at 7-8), the jury heard evidence connecting Triplett to Tianna Barber and Shaundrea Burleson, two named co-defendants, through acts taken in furtherance of the conspiracy.

Triplett fails to show the presentation of evidence concerning Derrick Murphy's role in the conspiracy, or the jury instructions, so modified the essential elements of the charges against him such that there was a constructive amendment of the Indictment. Therefore, I deny his Rule 29 motion on this basis.

**D.  DUE PROCESS**

Lastly, Triplett asserts his due process rights were violated through government misconduct. (Doc. No. 359 at 3). While his arguments are difficult to decipher, he appears to contend: (1) the government illegally searched his house; (2) the government improperly dismissed the initial indictment against him; (3) he was illegally released from federal custody; (4) he was improperly indicted through grand jury proceedings involving another co-conspirator, Nicholas Porter; (5) the government improperly prosecuted one conspiracy in two separate indictments; and (6) Burleson testified she did not know who Triplett was. (Doc. No. 359 at 6-7). None of these arguments have merit.

I already rejected Triplett's suppression arguments regarding the search of his residence because the search warrant affidavit established a nexus between Triplett's residence and the drug trafficking conspiracy. (Doc. No. 244 at 7-10). I also rejected his challenge to the Rule 48 dismissal of the indictment in the 2021 Case because he failed to show the government did not act in good faith in dismissing that case. (Doc. No. 143 at 3-5).

Triplett offers no evidence that he was illegally released from federal custody, as he was mistakenly released from state custody – not federal custody – following his conviction at a jury trial

6

in the Delaware County, Ohio Court of Common Pleas, before fleeing the jurisdiction. (*Id.* at 2). Nor does he offer any evidence he was somehow indicted through a case involving Porter.

His split-conspiracy argument fails as well. I rejected this argument as a basis for Triplett's double jeopardy. Triplett's "due-process claim is nothing more than his double-jeopardy claim in different clothing, . . . [and] the Due Process Clause [does not] provide[] greater double-jeopardy protection than does the Double Jeopardy Clause." *Sattazahn v. Pennsylvania*, 537 U.S. 101, 116 (2003).

Finally, Triplett fails to explain the relevance of Burleson's testimony that she did not know him personally. (*See* Doc. No. 329 at 49-50). The government presented evidence connecting Triplett to Burleson through a third party, as well as extensive other evidence connecting Triplett to the drug trafficking conspiracy.

Triplett fails to show his due process rights were violated, and I deny his motion on this basis.

## IV. CONCLUSION

For the reasons set forth above, I deny Defendant Darnell Triplett's motion for entry of a judgment of acquittal. (Doc. No. 359).


So Ordered.


s/ Jeffrey J. Helmick
United States District Judge